IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VICTOR ALANIS ALANIS, both in his own capacity and as the guardian of his minor child T-D-A; ANAHI DOMINGUEZ VELA, UMESH PAREKH, ESTHER MENDOZA AREAS, MARIO LOPEZ VASQUEZ, MITKUMAR RAJESHBHAI PATEL, DIVYABEN BHARATBHAI PATEL, DHAVAL KANUBHAI PATEL, ANGEL GARCIA BAILON, both in his own capacity and as the guardian of his minor child A-G-S; MA. GUADALUPE SOBERANIS, KASHYAP PITUSHKUMAR PATEL, and PAYAL KASHYAP PATEL,

Plaintiffs,

vs.

Director, U.S. Citizenship and Immigration Services,

Defendant.

**4:25CV3148**

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs filed this action to "compel Defendant [the Director of United States Citizenship and Immigration Services] and those acting under [his] direction to take action on Forms I-918, Petition for U Nonimmigrant Status ('Petition') and/or Forms I-765, Application for Employment Authorization ('Application') for Plaintiffs to obtain both deferred action pursuant to a Bona Fide Determination ('BFD') and/or employment authorization." Filing 23 at 2 (¶ 2). The matter is before the Court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Filing 25. For the reasons stated below, the Court grants Defendant's motion.

# I. INTRODUCTION

## A. Legal Background

At issue here is an application for a U visa through the U visa program, which was created as part of the Victims of Trafficking and Violence Protection Act of 2000 and is codified at 8 U.S.C. § 1101(a)(15)(U). The U visa program grants temporary lawful nonimmigrant status and work authorization to aliens if USCIS determines "the alien has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity" that has occurred in the United States; "the alien ... possesses information concerning [that] criminal activity"; and "the alien ... has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting [that] criminal activity." 8 U.S.C. § 1101(a)(15)(U)(i). An immigrant seeks a U visa by filing an I-918 petition. Petition for U Nonimmigrant Status, USCIS, https://www.uscis.gov/I-918 (designating the U visa petition to be filed with USCIS as an "I-918 Petition for U Nonimmigrant Status."); 8 C.F.R. § 214.14(c)(1). Certain family members of the I-918 principal petitioner may be eligible for derivative U nonimmigrant status by submitting a Form I-918A. 8 C.F.R. § 214.14(f)(1)–(2). If the U visa petition is approved, and the petitioner is present in the United States, the petitioner will receive lawful nonimmigrant status and employment authorization for up to four years, which can be renewed. 8 U.S.C. §§ 1184(p)(6), 1184(p)(3)(B); 8 C.F.R. § 274a.12(a)(19). Petitioners must specifically seek employment authorization, and they generally do so by filing a separate Form I-765 Application for Employment Authorization simultaneously with their I-918 petitions. *See* I-

765, Application for Employment Authorization, USCIS, available at https://www.uscis.gov/i-765.

However, Congress capped the number of principal U visas available each year at 10,000. 8 U.S.C. § 1184(p)(2)(A). The number of petitions far exceeds the number of U visas available. New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53,033 ("USCIS estimates that it will receive 12,000 Forms I-918 and 24,000 Forms I-918, Supplement A each fiscal year."). If USCIS determines a petitioner is eligible in all respects but the annual cap means no U visas are available, the petitioner is placed on a waiting list. 8 C.F.R. § 214.14(d)(2). According to the regulation, a petitioner on the waiting list may receive employment authorization in USCIS's discretion. *Id.* Petitioners residing in the United States will receive deferred action and await the availability of a U visa. *Id.*

As to the statutory provision directly at issue here, the Immigration and Nationality Act (INA) provides in part, "The Secretary [of Homeland Security] may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6). Based on this authority, USCIS implemented the BFD process to streamline review for potentially granting employment authorization documents (EADs) to bona fide petitioners. *See* Policy Alert, USCIS (June 14, 2021), available at: https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20210614-VictimsOfCrimes.pdf. Pursuant to the BFD process, USCIS makes a case-by-case determination of whether to issue an EAD. Chapter 5 - Bona Fide Determination Process, USCIS, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5.

Although the term "bona fide application" appears in § 1184(p)(6), the statute does not define "bona fide," "bona fide application," or otherwise dictate the process that the Secretary uses to determine whether to grant work authorization. *See* 8 U.S.C. § 1184(p)(6). Consequently, USCIS explains,

> As a matter of policy, USCIS interprets "bona fide" as part of its administrative authority to implement the statute as outlined below. Bona fide generally means "made in good faith; without fraud or deceit." Accordingly, when interpreting the statutory term within the context of U nonimmigrant status, USCIS determines whether a petition is bona fide based on the petitioner's compliance with initial evidence requirements and successful completion of background checks. If USCIS determines a petition is bona fide, USCIS then considers any national security and public safety risks, as well as any other relevant considerations, as part of the discretionary adjudication.

Chapter 5 - Bona Fide Determination Process, USCIS, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5.

### B. Factual Background

In a "facial" attack on subject-matter jurisdiction—which Defendant asserts here, *see* Filing 26 at 9—courts must look only at the pleadings and provide the same protections available under Federal Rule of Civil Procedure 12(b)(6). *See Smith v. UnitedHealth Grp. Inc.*, 106 F.4th 809, 813 (8th Cir. 2024) (stating standards for "facial" challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1)); *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (stating standards for failure to state a claim pursuant to Rule 12(b)(6)). Thus, the pertinent factual allegations are drawn from the Complaint.

Seven plaintiffs are petitioners seeking U visas on their own behalf (principal petitioners). Filing 23 at 6–13 (¶¶ 24–54). The remaining seven plaintiffs are derivative family members

(derivative petitioners). Filing 23 at 6–13 (¶¶ 24–54). Each plaintiff is a national of another country currently residing in Georgia. Filing 23 at 6–13 (¶¶ 24–54).

According to the Second Amended Complaint, each of the principal petitioners were victims of armed robbery and were issued U nonimmigrant status certifications by various law enforcement or prosecuting authorities documenting each plaintiff's cooperation in the investigation of the crime committed against him or her. Filing 23 at 6–7 (¶ 24), 7–8 (¶ 28), 8 (¶ 31), 9 (¶ 35), 10 (¶ 43), 11 (¶ 46), 12 (¶ 51). Each of the principal petitioners submitted Forms I-918 and I-765.[1] Each derivative petitioner submitted Form I-918A, and six derivative petitioners submitted Form I-765.[2] According to the Second Amended Complaint, "Plaintiffs' applications have been pending for at least 9 months and as much as 18 months." Filing 23 at 18 (¶ 71).

[1] Plaintiff Victor Alanis Alanis (Victor) submitted both forms on November 20, 2024. Filing 23-1 at 1, 4 (receipt numbers IOE8684832166 and IOE8861202053). Plaintiff Umesh Parekh submitted both forms on October 17, 2024. Filing 23-2 at 1, 4 (receipt numbers LIN2501751881 and LIN2501752269). Plaintiff Esther Mendoza Areas (Esther) submitted both forms on November 20, 2024. Filing 23-3 at 1, 4 (receipt numbers IOE8875906831 and IOE8671427725). Plaintiff Mitkumar Rajeshbhai Patel (Mitkumar) submitted both forms on April 11, 2024. Filing 23-4 at 1, 4 (receipt numbers EAC2417951328 and EAC2417951351). Plaintiff Dhaval Kanubhai submitted both forms on December 6, 2024. Filing 23-5 at 1, 4 (receipt numbers IOE8145470501 and IOE8321084644). Plaintiff Angel Garcia Bailon (Angel) submitted both forms December 9, 2024. Filing 23-6 at 1, 4 (receipt numbers IOE8635725513 and IOE8065918268). Plaintiff Kashyap Piyushkumar Patel (Kashyap) submitted both forms on December 20, 2024. Filing 23-7 at 1, 4 (receipt numbers LIN2508050701 and LIN2508050747).

[2] Plaintiffs Anahi Dominguez Vela (Anahi), Victor's spouse, and T-A-D, Victor's minor child, each submitted Form I-918A on November 20, 2024. Filing 23-1 at 5, 9 (receipt numbers IOE8353373482 and IOE8249157218). Anahi and T-A-D also each submitted Form I-765 on November 20, 2024. Filing 23-1 at 8, 10 (receipt numbers IOE8015306610 and IOE8091231225). Plaintiff Mario Lopez Vasquez, Esther's spouse, submitted Forms I-918A and I-765 on November 20, 2024. Filing 23-3 at 5, 8 (receipt numbers IOE8744404268 and IOE8224094108). Plaintiff Divyaben Bharatbhai Patel, Mitkumar's spouse, submitted Forms I-918A and I-765 on April 11, 2024. Filing 23-4 at 7, 9 (receipt numbers EAC2417951355 and EAC2417951366). Plaintiffs Ma Guadalupe Soberanis (Guadalupe), Angel's spouse, and A-G-S, a minor child of Angel, each submitted Form I-918A on December 9, 2024. Filing 23-6 at 5, 9 (receipt number IOE8886796435 and IOE8831934636). Guadalupe submitted Form I-765 that same day. Filing 23-6 at 8 (receipt number IOE8475713471). Plaintiff Payal Kashyap Patel, Kashyap's spouse, submitted Forms I-918A and I-765 on December 20, 2024. Filing 23-7 at 6, 9 (receipt numbers LIN2508050771 and LIN2508050832).

### C. Procedural Background

Plaintiffs filed the operative Second Amended Complaint and ten exhibits on December 8, 2025. Filing 23; Filing 23-1 through Filing 23-10. The Second Amended Complaint asserts a single cause of action under the Administrative Procedures Act (APA), 5 U.S.C. § 551 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361, for Defendant's unreasonable delay in adjudicating Plaintiffs' pending petitions for U Nonimmigrant Status. *See* Filing 23 at 23–24. Plaintiffs seek "a writ of mandamus to adjudicate the pending petitions for Plaintiffs for U Nonimmigrant Status; and if Defendant issues *bona fide* determinations, to promptly issue EADs." Filing 23 at 24 (¶ 2).

On December 12, 2025, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction and a brief in support of the motion. Filing 25. On January 30, 2026, Plaintiffs filed a response brief in opposition to Defendant's motion. Filing 30. On February 2, 2026, Defendant filed a reply brief in support of the motion to dismiss. Filing 31.

## II. LEGAL ANALYSIS

### A. Applicable Standards

*1. Rule 12(b)(1) Standards*

Defendant's Motion is controlled by Rule 12(b)(1) standards. Federal Rule of Civil Procedure 12(b)(1) provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "The plaintiff bears the burden of establishing subject matter jurisdiction" when a defendant moves to dismiss under Rule 12(b)(1). *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)).

"When considering a motion under Rule 12(b)(1), a court is to consider whether a party is asserting a 'facial attack' or a 'factual attack' on jurisdiction." *Smith v. UnitedHealth Grp. Inc.*,

106 F.4th 809, 813 (8th Cir. 2024) (citing *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016)). "The method in which the district court resolves a Rule 12(b)(1) motion ... obliges [the Circuit Court of Appeals] to follow the same approach." *Animal Legal Def. Fund v. Reynolds*, 89 F.4th 1071, 1077 (8th Cir. 2024) (quoting *Carlsen*, 833 F.3d at 908). "If [a Rule 12(b)(1) motion] is a facial attack, the court looks only at the pleadings and gives the non-moving party the same protections available under Rule 12(b)(6)." *Smith*, 106 F.4th at 813. The Rule 12(b)(6) "protections" or "safeguards" require the Court to "accept 'the facts alleged in the complaint as true and draw[ ] all reasonable inferences in favor of the nonmovant.'" *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (quoting *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021)). However, on a "facial" challenge, the Court "can consider documents 'necessarily embraced by the complaint,' including 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'" *Rossi v. Arch Ins. Co.*, 60 F.4th 1189, 1193 (8th Cir. 2023) (quoting *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017)). In contrast,

> "When the moving party makes a factual attack on the court's subject-matter jurisdiction, ... the district court may look outside the pleadings and weigh evidence." *Two Eagle [v. United States]*, 57 F.4th [616,] 620 [(8th Cir. 2023)]. "We review the district court's resolution of factual disputes for clear error and its decision on whether it lacks subject-matter jurisdiction de novo." *Id.*

*Hilger*, 87 F.4th at 899.

In this case, Defendant states that it "brings a facial challenge." *See* Filing 26 at 9. The Court finds no reason to depart from the requirements of a "facial" challenge to subject-matter jurisdiction in this case, so it will apply Rule 12(b)(6) protections or safeguards. *Smith*, 106 F.4th at 813; *Bauer*, 25 F.4th at 589.

*2. The Jurisdiction-Stripping Statute*

The INA provides in part that "no court shall have jurisdiction to review ... any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 28 U.S.C. § 1252(a)(2)(B)(ii). With this statute, "Congress stripped federal courts of jurisdiction to review" the discretionary decisions specified. *Bouarfa v. Mayorkas*, 604 U.S. 6, 11 (2024). In other words, this provision—like its companion § 1252(a)(2)(B)(i)—"contains language indicating that the decision is entrusted to the Attorney General's discretion." *Id.* at 14 (quoting *Kucana v. Holder*, 558 U.S. 233, 246 (2010)). As the Eighth Circuit Court of Appeals has explained,

> Two elements trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar: (1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 23 of Title 8 (8 U.S.C. §§ 1151–1381) (Subchapter II). *See Kucana v. Holder*, 558 U.S. 233, 253, 130 S.Ct. 827, 175 L.Ed.2d 694 (2010) (Alito, J., concurring) ("The phrase 'under this subchapter' refers to Subchapter II of Chapter 12 of Title 8, 8 U.S.C. §§ 1151–1381 ….").

*Thigulla v. Jaddou*, 94 F.4th 770, 774 (8th Cir. 2024). As to the second requirement, when Congress states in a statute that the Secretary "may" take certain action, that language "set[s] out the discretionary authority" of the Secretary. *Id.* at 775.

**B. The Jurisdiction-Stripping Statute Strips This Court of Subject-Matter Jurisdiction Over Plaintiffs' Claim**

*1. The Parties' Arguments*

Defendant argues that "[t]the decision to grant work authorization for bona fide petitions awaiting a U visa is discretionary." Filing 26 at 10 (citing 8 U.S.C. § 1184(p)(6)). Defendant

further asserts that "[USCIS's] actions concerning this employment authorization are likewise discretionary, including determining which petitions are bona fide and whether those petitions will receive deferred action during the course of authorized employment." Filing 26 at 10. According to Defendant, "[b]ecause these are discretionary decisions, they are barred from this Court's review." Filing 26 at 10 (citing *Monroy v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV74, 2025 WL 1267767 (D. Neb. May 1, 2025); *Patel v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV58, 2025 WL 1295470 (D. Neb. May 5, 2025) and other cases)).

In response, Plaintiffs argue that "USCIS has a non-discretionary duty to determine whether an application is *bona fide* as part of [its] non-discretionary duty to adjudicate the U visa." Filing 30 at 3. Plaintiffs further maintain that "[w]hile Defendant USCIS is not required to approve applications for [EADs] for aliens who have *bona fide* applications, Defendant is required by regulation to accept, process, and adjudicate all EAD applications, including EAD applications by U Visa applicants." Filing 30 at 5 (original emphasis omitted). According to Plaintiffs, "[the] Court should not confuse the ultimate discretionary nature of the benefit with the agency's non-discretionary duty to adjudicate these benefits." Filing 30 at 6.

Defendant asserts in reply that "Plaintiffs failed to meaningfully address or even mention this Court's prior holdings dismissing similar lawsuits for lacking jurisdiction." Filing 31 at 1 (citing *Monroy*, 2025 WL 1267767, *Patel*, 2025 WL 1295470, and other cases).

*2. The Court Has No Jurisdiction*

This case bears a close resemblance to *Monroy*, 2025 WL 1267767, and *Patel*, 2025 WL 1295470. In those cases, the Court considered plaintiffs seeking an "order to compel [the Director of United States Citizenship and Immigration Services] to issue a bona fide determination on

[their] pending Form I-918 and/or Form(s) I-918A and [their] related Form(s) I-765 for work authorization." *Monroy*, 2025 WL 1267767, at *1; *Patel*, 2025 WL 1295470, at *1. Both cases alleged one claim under the APA. *Monroy*, 2025 WL 1267767, at *5; *Patel*, 2025 WL 1295470, at *5. The Court granted the motions to dismiss for lack of subject matter jurisdiction because "both elements that trigger the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(ii)" were "satisfied," which meant that "review of any determination under 8 U.S.C. § 1184(p)(6) [was] barred by the jurisdiction-stripping provision." *Monroy*, 2025 WL 1267767, at *9; *Patel*, 2025 WL 1295470 at *9. The principal difference between those cases and the matter at issue here is that the plaintiffs here appear to assert the Mandamus Act, 28 U.S.C. § 1361, as an additional basis for compelling Defendant to take action on Plaintiffs' petitions. Filing 23 at 13 (¶¶ 55–57), 23–24 (¶¶ 95–101); Filing 30 at 5. Nonetheless, the jurisdiction-stripping statute bars this Court's review of any determination under 8 U.S.C. § 1184(p)(6).

"Two elements trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar." *Thigulla*, 94 F.4th at 774. The first element that must be established to trigger section 1252(a)(2)(B)(ii)'s jurisdictional bar is a decision or action by the Attorney General or the Secretary of Homeland Security. *Id.* ("Two elements trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar: (1) a decision or action by the Attorney General or the Secretary of Homeland Security…."). As the Court has previously observed, the relevant "decision is whether to 'grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title.'" *Monroy*, 2025 WL 1267767, at *8 (quoting 8 U.S.C. § 1184(p)(6)).

The second element that must be established to trigger the jurisdictional bar is statutorily specified discretion under Subchapter II of Chapter 12 of Title 8. *Thigulla*, 94 F.4th at 774 ("Two

elements trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar: . . . (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151–1381)."). This Court has observed that "Section 1184(p)(6) falls within the subchapter to which § 1252(a)(2)(B)(ii) applies," as the jurisdiction-stripping provision covers 8 U.S.C. §§ 1151–1381. *Id.* (citing *Thigulla*, 94 F.4th at 774). Section 1184(p)(6) unambiguously confers the Secretary discretionary authority over the approval of applications for work authorization, as the provision states that the Secretary "may grant work authorization." 8 U.S.C. § 1184(p)(6); *Thigulla*, 94 F.4th at 775 (explaining that use of "may" sets out discretionary authority).

The discretionary authority that exists unambiguously over the ultimate work authorization determination also applies to "whether to make such determination at all and according to what process." *Monroy*, 2025 WL 1267767, at *8 (citing *Gonzalez v. Cuccinelli*, 985 F.3d 357, 371 (4th Cir. 2021) ("The term 'pending, bona fide application' merely sets forth a prerequisite that the agency must satisfy if it chooses, in its discretion, to conduct an adjudication.")). The Court has found that steps antecedent to a work authorization determination are also discretionary. *Id.* One reason for this conclusion is that "[n]othing in the statutory language compels the Secretary to make any determination." *Id.* Additionally, "[w]hen Congress gave the Secretary discretion to make the determination, including whether to make the determination at all, Congress did not define what a 'bona fide application for nonimmigrant status' for a U visa is, nor did Congress define the process the Secretary must follow to decide whether the application is 'bona fide.'" *Id.* Moreover, "§ 1184—the provision authorizing admission of nonimmigrant aliens—elsewhere provides that '[t]he admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe....'" *Id.*

(quoting 8 U.S.C. § 1184(a)(1)). A fourth reason for this conclusion is that, "in *Thigulla*, the Eighth Circuit also recognized that there is a 'tradition of agency discretion over internal procedures." *Id.* (quoting 94 F.4th at 777). "The absence of directives to the Secretary as to whether to grant a work authorization, whether even to consider doing so, and how to make the determination place those matters clearly within the 'tradition of agency discretion over internal procedures.'" *Id.* (quoting *Thigulla*, 94 F.4th at 777).

Like *Monroy* and *Patel*, the plaintiffs here allege that "the APA requires USCIS to make decisions on pending applications within a reasonable amount of time" and that "Defendant owes Plaintiffs a clear and certain duty to issue a *bona fide* determination decision and employment authorization under [their] petition[s] for U Nonimmigrant Status." Filing 23 at 18, 24 (¶¶ 71, 100) (citing *Didban v. Pompeo*, 435 F. Supp. 3d 168, 175 (D.D.C. 2020)); *see Monroy*, 2025 WL 1267767, at *9 (saying the plaintiff alleged that "USCIS is required to make a BFD and EAD decision"); *Patel*, 2025 WL 1295470, at *9 (same). Plaintiffs also appear to assert the Mandamus Act, 28 U.S.C. § 1361, as an additional basis compelling Defendant to take action on Plaintiffs' petitions. Filing 23 at 13 (¶¶ 55–57), 23–24 (¶¶ 95–101); Filing 30 at 5. As shown above, however, the entire process relating to BFDs and EADs is discretionary, and both elements required to trigger the jurisdiction-stripping provision have been met. *Thigulla*, 94 F.4th at 774 ("Two elements trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar: (1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151–1381) (Subchapter II)."). The Court therefore concludes that the review of any determination under 8 U.S.C. § 1184(p)(6) is barred by the jurisdiction-stripping provision. The Second Amended Complaint is accordingly dismissed.

## III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Defendant's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), Filing 25, is granted. The Clerk's Office shall close the case.

Dated this 1st day of April, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge